FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 0 4 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMMISSION, § § Plaintiff, § § V. § § ECONOMIC RELIEF § TECHNOLOGIES, LLC, § A Nevada limited liability company, § § SAFERIDE WARRANTY LLC, a Florida limited liability company, V P MARKETING, LLC, a Georgia limited liability company, JASON JAMES EYER, KARA SINGLETON ADAMS, and JAMES A SCHOENHOLZ Defendants. | Case No. 1 09-cv-3347 TCB MOTION TO VACATE JUDGMENT AND FINAL ORDER |

   NOW COMES the Defendant, Kara Singleton Adams, pursuant Rule 56(c) (1) (b), F.R.C.P. responding in opposition to Plaintiff's claims, in response to the motion for Judgment and Final Order and respectfully moves this Court to vacate judgment based on these grounds:

   1. Under Rule 56(f) (2) and (3) F.R.C.P. "If and when affidavits are unavailable, the court may: "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or issue any other order". Defendant is requesting a new hearing. Defendant claims severe disadvantage to litigation. Acting as Attorney pro se, due to lack of resources for civil representation, Defendant needs additional time and opportunity to produce evidence and research law, as well as time to prepare an adequate defense against Plaintiff's claims. Defendant requests the opportunity to confront witnesses and for the credibility of the Plaintiff's witnesses be examined by the Court. Defendant Adams is pleading for her right to a fair hearing.

   2. Under Rule 54(b) F.R.C.P., any order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not final. All parties have not had a fair opportunity to be heard by the courts. Rule 54(b) expressly states that an order that is not final "is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

    a.  Defendant is asking Federal courts to recognize the impaired ability and duress of the defendant Adams and other defendants as result of surprise of the Plaintiff's claims and asset freeze. Defendants Adams and Eyer arrived in the Philippines the week of November 10th, 2009. Defendants were residing out of the country and had tentative plans of returning for the holidays, the week of December 15th, 2009. Consequently, defendants were unable to return expeditiously due to lack of funds and legal representation. Defendant Adams had no foreseeable knowledge defendants would be accused of the misrepresentation and other fraud claims. Unsuccessful efforts were made in attempt to retain council and contact Plaintiff. Defendant needed assistance understanding asset freeze and help responding to complaints. Defendant also needed help returning back to United States with her two year old son and the other two defendants.

3. The Plaintiff may have been aware the defendant was stranded outside of the United States as a direct result of the asset freeze. In possible attempt to evade accountability of possible perjury, the Plaintiff's representative served a minor, a niece of one the defendants. The niece was not in the defendant's care or custody. There was a previous affidavit of service stating the defendant Adams was served in person in the United States at her Marietta home. This statement is untrue because defendant Adams was out of the country at the time of that service. Defendant was ultimately detained in a federal detention center when she returned to the United States voluntarily after being told there were indictments for criminal charges as a result of Plaintiff's civil claims. Immediately after returning Defendant Adams surrendered herself in March of 2010. There appears to be an insufficient service of process. Lack of details of previous hearings, motions, and timelines deprived defendant opportunity to respond to plaintiff's demands and assertions. Defendant was not aware of January 2010 default judgment until she received Plaintiff's motion for Judgment and Final Order dated July 1, 2010. Defendant must be notified by reasonable method to allow her to respond properly and in a timely manner. Defendant with out legal resources have been blindsided and incapacitated by the inaccurate account of Plaintiff's claims.

4. Defendant demands opportunity to be heard and wishes her right to a trial by jury be preserved. Defendant wishes trial by jury to address all issues. Defendant believes there is Federal Court interest in providing redress.

5. Defendant also wishes to be provided with a list of inventory of all seized assets and documents as stated under Rule 26 (a) (1) (A) (ii) F.R.C.P., a party must provide to other party " a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses".

WHEREFORE, the Defendant requests a new hearing and pray this Court issues an order to vacate and set aside default judgment.

This the  29th day of  July,  2010
          3rd              August

- 2 -

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
Kara Singleton Adams
Robert A. Deyton Federal Detention Center
Defendant