UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ECONOMIC RELIEF ) <br> TECHNOLOGIES, LLC, ) <br> a Nevada limited liability company, ) <br> ) <br> SAFERIDE WARRANTY LLC, ) <br> a Florida limited liability company, ) <br> ) <br> VP MARKETING, LLC, ) <br> a Georgia limited liability company, ) <br> ) <br> JASON JAMES EYER, ) <br> ) <br> KARA SINGLETON ADAMS, and ) <br> ) <br> JAMES A. SCHOENHOLZ, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1 09-cv-3347 TCB <br><br> Plaintiff's Response to Defendant Kara Singleton Adams' Motion to Vacate Judgment and Final Order |

Comes Now, Plaintiff, the Federal Trade Commission ("FTC" or "Commission") and files this Response to Defendant Kara Singleton Adams' Motion to Vacate Judgment and Final Order ("Defendant's motion").[1] Defendant's motion is not supported by law or in fact and should be denied.

---

[1] Doc. 100.

Defendant moves this Court to vacate the judgment and final order against her.[2]  Defendant claims she has suffered impaired ability and duress as a result of the surprise caused by Plaintiff's claims and the asset freeze imposed by the Court. Defendant also claims that "there appears to be an insufficient service of process" and a lack of details of previous hearings, motions and timelines that have deprived her of her opportunity to respond to Plaintiff's "demands and assertions."

Defendant offers no evidence to support a claim that might relieve her from the judgment and final order entered against her, *e.g.*, proof of a meritorious defense.  Nor does Defendant provide any evidence that service of process was ineffective against her.  Defendant proffers no evidence at all in support of her motion to vacate the judgment against her.

Because Defendant Adams has provided no evidence to support the relief from the judgment against her; the record is replete with evidence that the FTC is likely to succeed on the merits of the claims against her; and the record also establishes that service of process on Defendant Adams was properly perfected; Defendant Adams' motion to vacate judgment and final order should be denied.

---

[2]Defendant moves pursuant to Fed. R. Civ. P. 56(f)(2) and (3)(relating to summary judgment proceedings), and Fed. R. Civ. P. 54 (b)(relating to judgments involving less than all claims or parties).  Neither rule is applicable to this matter.

I.    **Procedural Background**

On November 30, 2009, the FTC filed its complaint for a permanent injunction and other equitable relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108.[3]  The Complaint charged Defendants with unfair and deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the marketing and sale of purported credit card interest rate reduction services and automobile warranties.  The complaint was accompanied by three volumes of evidence that amply demonstrated that Defendant Adams was a central figure in a $25 million fraud on thousands of unsuspecting consumers throughout the country.[4]

Based on the evidence presented, the Court found good cause to believe that Defendants had violated the law and that the FTC was likely to prevail on the merits.[5]  The Court issued an *ex parte* Temporary Restraining Order ("TRO")

---

[3]Doc. 1.

[4]Doc. 4.

[5]Doc. 10, pp 1-2.

against the Defendants, enjoining their wrongful practices, freezing their assets, and providing for additional equitable relief, including the appointment of a receiver ('the Receiver').[6]

On December 2, 2010, personal service on Defendants Adams and Eyer was effected by leaving the summons, complaint and other pleadings at their residence with a woman who identified herself as "Kara Adams."[7] On December 10, 2010, a second original summons was issued for Defendants Adams and Eyer.[8] The pleadings were re-served on Adams and Eyer at their residence on December 11, 2010, by leaving them with Defendant Adams' niece who lived there.[9] On December 14, 2010, this Court ruled that the FTC had effected proper service of process on Defendants Adams and Eyer.[10]

On December 11, 2010, the Receiver issued his First Interim Report.[11] The Receiver confirmed the sales practices and abuses alleged in the FTC's complaint and determined that Defendant's businesses could not be operated profitably

---

[6] Doc. 10.

[7] Docs. 19-20.

[8] Doc. 18.

[9] Doc. 28. *See also* Ex.1 hereto.

[10] Doc. 32.

[11] Doc. 29.

within the bounds of the law.[12] The Receiver also reported that Defendants were engaging in an overall pattern of substantial fraudulent conduct that had caused many millions in injury, which he documented for the Court.[13]

On December 14, 2009, this Court extended the terms of the TRO indefinitely by entering an order of preliminary injunction against the Defendants.[14]

On January 26, 2010, Plaintiff moved for an entry of default against all Defendants, except Defendant Schoenholz who had not yet been properly served with process.[15] On January 27, 2010, a Clerk's Entry of Default was entered against Defendants Adams, Eyer and their corporate co-Defendants. On April 20, 2010, Plaintiff perfected service on the remaining Defendant, Schoenholz.[16] On June 29, 2010, the FTC moved for an entry of default against Schoenholz, and on June 30, 2010 a Clerk's Entry of Default was entered against him as well.[17]

---

[12] *See* Doc. 29 at ¶¶ 44, 57-59, 62-64, and Exhibits thereto.

[13] *Id.*

[14] Doc. 33.

[15] Doc. 44.

[16] Doc. 75.

[17] Doc. 90.

On July 1, 2010, Plaintiff filed and properly served its Motion for Entry of Judgment and Final Order as to all Defendants with Brief in Support.[18]  On July 22, 2010, the Court entered the Judgment and Final Order against all Defendants.[19]  Defendant Adams then filed her motion to vacate the judgment and final order on August 4, 2010.[20]

## II.  Defendant Adams is Not Entitled to Relief from the Final Judgment and Order.

Relief from a final judgment is governed by Fed. R. Civ. P. 60 (b).[21]  Fed R. 60(b) provides, in part, that a court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect; because the judgment is void; or for another reason that justifies relief.[22]  Defendant Adams is not entitled to relief for any of these reasons.

---

[18] Doc. 91.

[19] Doc. 99.

[20] Doc. 100.

[21] Fed. R. Civ. P. 55(c) provides that a court may set aside a default judgment under Rule 60(b).

[22] Fed. R. Civ. P. 60(b) also provides for relief from fraud and where, *e.g.*, the judgment has been satisfied, released, or discharged.  Defendant's motion does not address or allude to either of these grounds for relief.

### A. There is no Mistake, Inadvertence, Surprise or Excusable Neglect

Fed. R. Civ. P. 60(b)(1) provides that a party may be relieved from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." However, in order to obtain relief under Fed. R. Civ. P. 60(b)(1) the defaulted party must affirmatively show: (a). a meritorious defense that might have affected the outcome of the case; (b). that the granting of the motion would not prejudice the non-defaulted party; and (c). that there was good reason for failing to reply to the complaint.[23] The defaulted party may not rest on general denials, but instead must make an affirmative showing of proof, including "an affirmative showing of a defense that is likely to be successful."[24]

Defendant Adams has not met her burden of affirmatively proving a meritorious defense. Defendant Adams offers no evidence of a meritorious defense that, if proven, is likely to be successful. Nor is it likely that she can offer any meritorious defense. The record before the court is replete with evidence that

---

[23] *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990); *Piana v. Daniels*, Civ. Action no. 1:03-CV-2344-JEC, 2006 U.S. Dist LEXIS 70330, at *9-10 (N.D. Ga. Sept. 28, 2006); *U.S. Micro Corp. v. N. Amer. Van Lines, Inc.*, Civ. Action No. 1:03-CV-3634-MHS, 2006 U.S. Dist. LEXIS 18233, at *4 (N.D. Ga. Apr. 6, 2006).

[24] *In re Worldwide Web*, 328 F.3d at 1296 (*citing Solarrol Shade & Shelter Corp. v. Bio-Energy Sys., Inc.*, 803 F.3d 1130, 1133 (11th Cir. 1986)); *see also Piana*, 2006 U.S. Dist LEXIS 70330, at *10.

Defendant Adams was a central figure in a $25 million fraud on thousands of unsuspecting consumers throughout the country and this Court has already determined the FTC is likely to succeed on the merits.[25]

Nor can Defendant Adams show that there will be no prejudice to the FTC if she is relieved of the judgment against her. This is a civil enforcement action in which the government is seeking restitution to compensate thousands of victims of Defendants' unlawful practices. These victims continue to be injured each day that effective final relief is withheld. Further, when it enacted the statute authorizing the FTC to bring suit in federal district court, Section 13(b) of the FTC Act,[26] Congress intended to serve the public interest by protecting victims from the effects of deceptive trade practices "as quickly as possible."[27] A just and speedy resolution that permanently enjoins Defendants' illegal practices will effectuate Congress' intent in enacting Section 13(b) and will serve the public interest.

---

[25] Docs. 4, 10, 29, 33. *See generally*, Magistrate Order of Detention Pending Trial, finding by clear and convincing evidence that Defendant "allegedly is the ringleader/mastermind responsible for [the] $25 million dollar fraud scheme" that is the subject of Plaintiff's complaint. *U.S. v. Kara Singleton Adams*, 1:10-CR-006 (N.D. Ga. March 9, 2010, Magistrate Walker).

[26] 15 U.S.C. § 53(b).

[27] *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1028 (7th Cir. 1988).

Defendant Adams has not shown any good cause for her failure to timely answer or otherwise defend against the charges against her. Defendant's unsupported motion alludes to "hardship" resulting from the freeze of her assets, which she claims "stranded her" outside of the United States until March of 2010. Defendant's circumstances are entirely of her own making and do not excuse her from timely answering or otherwise defending the civil claims against her.[28]

Defendant has failed to satisfy any of the three elements needed for relief from the judgment against her. Defendant's motion for relief must fail.

### B. The Judgment is Not Void

Fed. R. Civ. P. 60(b)(4) provides that a party may be relieved from a final judgment if "the judgment is void." The burden of proving that the judgment is void, pursuant to Rule 60(b)(4), rests with the defaulted party.[29] While Defendant

---

[28] Defendant's assets were frozen after the Court found good cause that Defendant had committed the wrongful acts complained of, and that the freeze was necessary to preserve some modicum of effective final relief for Defendants' thousands of victims. Docs. 10, 33. Even with the asset freeze, there is strong evidence that Defendant Adams has money available to her in offshore accounts. *See* Doc. 29 ¶ 64. *See also*, Magistrate Order of Detention Pending Trial, *U.S. v. Kara Singleton Adams*, 1:10-CR-006 (N.D. Ga. March 9, 2010, Magistrate Walker)(finding, by clear and convincing evidence, that Defendant Adams "allegedly has access to offshore bank accounts and has access to these accounts and .... has stashed away at least $100,000 worth of jewelry.")

[29] *In re Worldwide Web*, 328 F.3d at 1298-99 *(citing Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir. 1974)).

Adams' motion states "there appears to be an insufficient service of process," which might render the judgment void, Defendant Adams offers no proof that service of process was not properly effected. To the contrary, this Court has already found that service on Defendant Adams was properly effected, and that finding should not be disturbed.[30]

### C. There Are No Other Reasons To Justify the Relief Requested

Fed. R. Civ. P. 60(b)(6) provides that a party may be relieved from a final judgment "for any other reason that justifies relief." Plaintiff can find no additional reasons that Defendant might use to seek relief from the judgment against her. Further, if a defendant's motion "clearly falls under subsection (1) [of Fed. R. Civ. P. 60(b)], [a defendant] is precluded from seeking relief under subsection (6) as well."[31] Since Defendant's motion largely complains of "surprise," which falls under subsection (1) of Rule 60(b), she should not be able to avail herself of this provision as well.

---

[30]Evidence of record and filed herewith amply justifies the Court's earlier ruling that service of process was properly effected. *See e.g.*, Docs. 19-20, 28, 33 and Exh.1 hereto.

[31]*U.S. Micro Corp.*, 2006 U.S. Dist. LEXIS at *4 (*quoting U.S. v. Real Prop. and Residence*, 920 F.2d 788, 791 (11th Cir. 1991) ("Subsection (6) 'applies only to cases that do not fall into any of the other categories listed in parts (1)-(5) of *Rule 60(b)*'") (original emphasis)).

III.    **Conclusion**

For the foregoing reasons, defendant's motion to vacate the judgment and final order against her should be denied.

Respectfully submitted this 12th day of August, 2010

>                       FEDERAL TRADE COMMISSION
>                       WILLARD K. TOM
>                       General Counsel
>
>
>                       /s/ Valerie M. Verduce
>                       GA Bar No. 727066
>                       Atty. for Federal Trade Commission
>                       225 Peachtree Street
>                       Atlanta, Georgia 30303
>                       Tel. (404) 656-1355
>                       Email: vverduce@ftc.gov

CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2010 she served a copy of the attached upon the following defendant by first class U.S. mail, with postage fully prepaid, to their last known addresses:

James A. Schoenholz
R.A. Deyton Detention Facility
11866 Hastings Bridge Road
Lovejoy, Georgia 30250

Kara Singleton Adams
R.A. Deyton Detention Facility
11866 Hastings Bridge Road
Lovejoy, Georgia 30250

Jason James Eyer
6244 Blue Cay Court
Orlando, Florida 32819

Further, on the same date, Plaintiff served a copy of same upon the court-appointed Receiver, attorney Pat Huddleston, II, for himself and for corporate Defendants Economic Relief Technologies, LLC, SafeRide Warranty, LLC, and VP Marketing, LLC, through the Court's electronic court filing/ ECF system.

/s/ Valerie M. Verduce
Valerie M. Verduce
Attorney for Plaintiff
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia  30303
Georgia Bar No. 727066